**UNITED STATES of America,
Plaintiff,**

v.

**CAPE FEAR CAPITAL CORPORATION,
a North Carolina Corporation,
Defendant.**

**Civ. No. 9725.**

United States District Court
M. D. Pennsylvania.

June 20, 1968.

Bernard J. Brown, U. S. Atty., Scranton, Pa., Barefoot Sanders, Asst. Atty. Gen., Harland F. Leathers, Atty., Dept. of Justice, Philip F. Zeidman, Gen. Counsel, Eric Weinmann, Asst. Gen. Counsel, Jerome Garfinkel, Chief, Enforcement & Litigation Div., Charles A. Barth, Small Business Administration, Washington, D. C., for plaintiff.

Joseph F. Torsella, Berwick, Pa., for defendant.

MEMORANDUM

NEALON, District Judge.

In this action, plaintiff, United States of America, seeks a determination and adjudication by this Court that defendant, Cape Fear Capital Corporation, has violated Sections 308(c) and 308(d) of the Small Business Investment Act of 1958, as amended, 15 U.S.C. § 687(c) and 687(d). In addition, plaintiff seeks money damages and costs.

This proceeding arises from the plaintiff's administration, through its agency, the Small Business Administration, of a program authorized by the Small Business Investment Act of 1958, as amended (15 U.S.C. § 661 et seq.). Congress enacted the Small Business Investment Act of 1958 to provide an additional source of equity capital and long-term loans for small business concerns, to provide those concerns with funds needed for sound financing of their business operations and for growth, expansion and modernization. In order to achieve that purpose, Congress authorized the Small Business Administration to license small business investment companies, to regulate them, and to finance them. The Act permits small business investment companies to make equity investments in and long-term loans to small business concerns, subject to regulations promulgated by the Small Business Administration. It was in furtherance of this program that the Small Business Administration licensed and loaned money to defendant, Cape Fear Capital Corporation.

Specifically, on July 10, 1961, the Small Business Administration purchased a subordinated debenture from defendant corporation in the principal amount of $150,000.00, the principal of which was to be repaid in ten annual installments beginning July 10, 1972, with interest on outstanding and unpaid principal to be paid semiannually.

Section 308(c) of the Act, 15 U.S.C. § 687(c)[1] authorizes the Small Business Administration to prescribe regulations governing the operation of small business investment companies. The regulations adopted by the Small Business Administration, 13 C.F.R. § 107.802, provide:

"(c) Reports to SBA. Each Licensee shall submit to SBA at the end of the first six months period of each fiscal year, a report containing financial statements covering such six months period; at the end of each fiscal year a report containing financial statements for the fiscal year; and, when requested by SBA, interim financial reports. The fiscal year to which such reports shall relate shall be for SBA purposes the period beginning April 1 and ending March 31.

"(1) The report as of the end of each fiscal year shall contain, or be accompanied by, an independent accountant's opinion on the financial statements for the fiscal year included therein, unless a different twelve-month period to be covered by the annual audit is expressly given prior approval in writing by SBA. * * *

*    *    *    *    *    *

"(d) (1)  *  *  *  Such annual report shall be submitted in triplicate to the Investment Division, Small Business Administration, 811 Vermont Avenue N.W., Washington, D. C. 20416, on or before the last day of the third month following the close of the fiscal year for SBA purposes to which such annual report relates  *  *  * "

Further, such companies are required by the regulations (13 C.F.R. § 107.802, as amended, 31 F.R. 4954, March 25, 1966) to submit Progress Evaluation Reports to the Small Business Administration, as follows:

"(i)  Program Evaluation Reports.

(1)  The Program Evaluation Report, SBA Form 684, shall be prepared by

---

1.  "(c) The Administration is authorized to prescribe regulations governing the operations of small business investment com- panies, and to carry out the provisions of this Act, in accordance with the purposes of this Act.  *  *  * "

each Licensee as of March 31 of every calendar year and filed with SBA not later than May 31 of such year, to reflect all transactions involving Licensee's debt or equity financing of small business concerns which were outstanding at any time during the preceding 12-month period ending March 31; Provided, however, That the initial report as of March 31, 1966, to be filed not later than May 31, 1966, shall reflect only financings of small business concerns which were outstanding as of March 31, 1966."

Plaintiff contends, and the evidence supports this contention, that defendant has not filed either the audited financial report or the Program Evaluation Report as required by the regulations. On November 1, 1966, the Small Business Administration notified defendant that the indebtedness including principal and accrued interest evidenced by the debenture, was immediately due and payable and made demand for payment in full. Subsequently, on November 22, 1966, plaintiff commenced this action, alleging the non-compliance with, and violation of, the Act and asked for a determination and adjudication under Section 308(d), 15 U.S.C. § 687(d).[2]

■ Defendant does not deny that it has not filed the required reports, but defends on the grounds that (1) it was not subject to the reporting requirements because it was an inactive investment company in the process of liquidating its holdings pursuant to an agreement with SBA; (2) plaintiff is estopped from declaring a default because defendant was led to believe by SBA representatives that strict compliance would not be demanded inasmuch as defendant was at-

tempting to minimize expenses while arranging liquidation, and (3) Section 308 (d) of the Act allows a suit for determination and adjudication of non-compliance with or violation *of the Act and not the regulations as is charged in this case.* (Emphasis supplied)

Defendant's first two defenses can be grouped together as they both, in effect, raise issues of waiver and estoppel.

There is no need for the Court to meet the issue of the extent to which the Government can be estopped by acts of its agents as the record here does not reveal any conduct of SBA representatives which misled defendant's officers in any way. There is no competent evidence, oral or written, showing an agreement on the part of SBA representatives waiving the filing of reports as required by the regulations. The grounds upon which estoppel or waiver are ordinarily predicated are not shown to exist. Wilber National Bank of Oneonta v. United States, 294 U.S. 120, 55 S.Ct. 362, 79 L. Ed. 798 (1935).

■ The third defense proffered by defendant warrants little comment. The interpretation of Section 687(d) as urged by defendant would frustrate and stifle the obvious purpose of the Act and, indeed, would dilute and render meaningless regulations validly adopted pursuant to legislative authorization. Moreover, Section 687(d) provides for a forfeiture of franchise for violating or failing to comply with "any of the provisions of this Act or of regulations prescribed hereunder * * *" The fact that the word "regulations" is not mentioned in the succeeding sentence cannot be construed as manifesting a Congressional intent to limit an adjudication to viola-

2. "(d) Should any small business investment company violate or fail to comply with any of the provisions of this Act or of regulations prescribed hereunder, all of its rights, privileges, and franchises derived therefrom may thereby be forfeited. Before any such company shall be declared dissolved, or its rights, privileges, and franchises forfeited, any non-compliance with or violation of this Act shall be determined and adjudged by a court of the United States of competent jurisdiction in a suit brought for that purpose in the district, territory, or other place subject to the jurisdiction of the United States, in which the principal office of such company is located. Any such suit shall be brought by the United States at the instance of the Administration or the Attorney General."

tions of specific provisions contained in the Act. Such a construction would be absurd and we cannot ascribe such an intention to Congress.

■ The officers of defendant corporation, John F. Dockey and Dayl L. T. Dockey, were impressive witnesses, but they offered no justification for the corporation's failure to comply with the reporting requirements. The undisputed facts show conclusively that defendant corporation failed to file the reports required under the regulations and that there was no agreement with SBA representatives dispensing with this obligation. Under the circumstances, the Court is constrained to find for plaintiff, and it will be so ordered.

There is one other matter requiring disposition and that is plaintiff's request, under Rule 37(c) of the Federal Rules of Civil Procedure, for reasonable expenses incurred in proving a statement for which admission had been requested under Rule 36. The defendant corporation was requested to admit that it failed to file with the Small Business Administration, its annual audited financial report or its Program Evaluation Report for the period ending March 31, 1966. Defendant corporation admitted its failure to file these reports, but alleged such failure was pursuant to oral permission received from the Small Business Administration. At the trial, defendant attempted to prove, unsuccessfully, that oral permission had been given. Under the circumstances, I conclude there was good reason for the denial and plaintiff's request for expenses will not be allowed.

### CONCLUSIONS OF LAW

1. This Court has jurisdiction of the parties to this suit and the subject matter herein.

2. This Court is authorized to grant the relief requested in the complaint filed herein.

3. Failure of Cape Fear Capital Corporation to file its annual audited financial report for the period ended March 31, 1966, and all reports subsequent to that time with the Small Business Administration constitutes violations of Section 107.902 of Revision 3 of the Regulations of the Small Business Administration and also constitutes violation of Section 308(c) of the Small Business Investment Act (15 U.S.C. § 687(c)), as that Act was in force during 1966. That provision is now Section 310(b) of the Small Business Investment Act (15 U.S.C. § 687b(b)).

4. United States of America is entitled to a money judgment based upon the debenture dated July 10, 1961, executed by Cape Fear Capital Corporation to the Small Business Administration, in the amount of $150,000.00, which evidences monies loaned to the defendant by the Small Business Administration.

